IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LETITIA BRENG ROSE
a/k/a Tish Rose,

           Petitioner,

   v

J MICHAEL HOGAN, SR, Deputy County
       Counsel Monterey County,
       Public Guardian

and

THE ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA,

           Respondent.
_____/

No C-04-4176  VRW

ORDER

        On October 1, 2004, a petition filed by Gail Sutton, the adult daughter of the petitioner named on the caption, Letitia Breng Rose, was filed with this court after transfer from two other federal district courts. The stated purpose of the petition was "to have [Ms Sutton's mother released from the custody of the State of California and to go to the State of New York so that she can be with her family." Doc # 1, Petition at 2. See order filed October 29, 2004 (Doc # 3). This court dismissed the petition without prejudice for failure to exhaust state remedies. Id. The court did not reach two issues presented by the petition: (1) whether

1 federal habeas relief was available for an individual committed to
2 a nursing home by a public guardian; and (2) whether Ms Sutton
3 could file on behalf of Mrs Rose as a "next friend" pursuant to 28
4 USC § 2242.

5     On July 20, 2005, Ms Sutton, appearing *in propria
6 persona*, filed an "emergency request for leave to move for
7 reconsideration" of the order dismissing the petition.  Doc # 4.
8 Ms Sutton describes further procedural steps taken following the
9 October 29, 2004 dismissal of the petition and attaches documents
10 and photographs concerning Mrs Rose's situation.  Id.  She also
11 states more clearly that the objective of the petition is to obtain
12 the release of Mrs Rose from a private nursing home, the Victorian
13 at Carmel-by-the-Sea, to which she had allegedly been committed by
14 the public guardian for the County of Monterey under the authority
15 of a court-ordered conservatorship.  Id.  For these reasons, Ms
16 Sutton's filing is more properly styled as an amended petition for
17 habeas corpus.  Because Ms Sutton is *in propria persona* and the
18 court must construe her papers liberally, the court construes the
19 motion for leave to file motion for reconsideration as, instead, an
20 amended petition for habeas corpus under 28 USC § 2254.  For the
21 reasons stated herein, the amended petition is DISMISSED, without
22 leave to amend.

I

25     As stated in the court's October 29 order, prisoners in
26 state custody who wish to challenge collaterally in federal habeas
27 proceedings either the fact or length of their confinement are
28 first required to exhaust state judicial remedies, either on direct

1 appeal or through collateral proceedings, by presenting the highest
2 state court available with a fair opportunity to rule on the merits
3 of each and every claim they seek to raise in federal court. See
4 28 USC § 2254(b), (c); Rose v Lundy, 455 US 509, 515-16 (1982);
5 Duckworth v Serrano, 454 US 1, 3 (1981); McNeeley v Arave, 842 F2d
6 230, 231 (9th Cir 1988).  The state's highest court must be given
7 an opportunity to rule on the claims even if review is
8 discretionary.  See O'Sullivan v Boerckel, 526 US 838, 845
9 (1999)(petitioner must invoke "one complete round of the State's
10 established appellate review process").

11 Because the original petition openly acknowledged the
12 failure to exhaust state remedies ("Gail Sutton did not appeal to
13 any higher State Court in the State of California because she did
14 not have the resources to pursue same," Doc # 1, ¶ 24), the court
15 dismissed the petition.  The court has examined Ms Sutton's new
16 filing and determined, for the reasons stated below, that state
17 remedies have still not been exhausted.

18 In her papers, Ms Sutton recites the steps she and her
19 husband John Sutton took in the California courts after the
20 dismissal of the original petition by this court, Doc # 3 at 2:
21 they petitioned twice to terminate the conservatorship; they filed
22 a writ of mandate in the Court of Appeal of the State of
23 California, Sixth Appellate District, "dismissed and Suttons'
24 request to file in forma pauperis denied"; and they filed a
25 petition for a writ of habeas corpus in the California Supreme
26 Court, which was rejected for filing by the clerk of that court.
27 Doc # 4 at 2-3.
28 \\

1          Ms Sutton does not submit with her petition either of the
2    orders of the superior court to which she refers. As Exhibit C to
3    the petition, Ms Sutton attaches a copy of an order of the Court of
4    Appeal dated May 12, 2005 which states: "The petitioners having
5    failed to submit the required filing fee, the petition for writ of
6    mandate filed April 18, 2005 is hereby stricken." The order makes
7    no reference to an in forma pauperis application, nor is any order
8    relating to such an application attached to the petition. As
9    Exhibit D to the petition, Ms Sutton includes a letter dated May
10   26, 2005 from the clerk of the California Supreme Court stating:
11   "Returned unfiled is the petition for writ of habeas corpus you
12   attempted to file on behalf of Letitia Rose. California law does
13   not allow you to file on behalf of another party unless you are an
14   attorney." Ms Sutton submits no other evidence regarding Ms
15   Sutton's efforts on behalf of Mrs Rose in the state courts.

16         The exhaustion requirement is satisfied only if the
17   federal claim: (1) has been "fairly presented" to the state
18   courts, Picard v Connor, 404 US 270, 275 (1971), Crotts v Smith, 73
19   F3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains
20   available, see Johnson v Zenon, 88 F3d 828, 829 (9th Cir 1996).
21   Peterson v Lampert, 319 F3d 1153, 1155-56 (9th Cir 2003) (en banc).
22   It does not constitute "fair presentation" if the claim is raised
23   by a procedural method which makes it unlikely that the claim will
24   be considered on the merits. See Castille v Peoples, 489 US 346,
25   351 (1989) (presentation by way of petition to state supreme court
26   for allocatur, which under state procedure may be considered only
27   when "there are special and important reasons therefor,"
28   insufficient to exhaust); Casey, 386 F3d at 917 (federal claims not

**4**

1 fairly presented when petitioner "raised them for the first and
2 only time upon petitioning for discretionary review to the
3 Washington State Supreme Court"); <u>Kibler v Walters</u>, 220 F 3d 1151,
4 1153 (9th Cir 2000) (where state habeas petitioner failed to
5 satisfy procedural requirements for presentation of his claims to
6 Washington Supreme Court, he failed to fairly present his claims
7 for purposes of federal habeas corpus review).

8      It was incumbent on Ms Sutton to allege in her amended
9 petition that she has met the requirements for exhaustion and,
10 where appropriate, to attach evidence in support of that
11 allegation.  The few attachments to the amended petition suggest
12 that Ms Sutton did not "fairly present" all available state courts
13 with an opportunity to rule on the merits.  The petition states
14 that the superior court issued additional orders, but does not
15 explain why Ms Sutton did not file an appeal of those orders.
16 Filing a petition for writ of mandamus in the court of appeal
17 unaccompanied by a filing fee or valid <u>in forma pauperis</u>
18 application does not constitute fair presentation of claims to that
19 court.

20      Moreover, to establish exhaustion of state remedies, a
21 habeas petitioner must have apprised the California courts that she
22 was making a claim under the United States Constitution.  <u>Castillo</u>
23 <u>v McFadden</u>, 399 F3d 993, 999 (9th Cir 2005).  In so doing, she must
24 describe "both the operative facts and the federal legal theory on
25 which [her] claim is based," <u>id</u>, citing <u>Kelly v Small</u>, 315 F3d
26 1063, 1066 (9th Cir 2003), and must have characterized the claims
27 raised in state proceedings "specifically as federal claims,"
28 <u>Castillo</u> at 999, citing <u>Lyons v Crawford</u>, 232 F3d 666, 670 (2000).

**5**

"Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion." Hiivala v Wood, 195 F3d 1098, 1106 (9th Cir 1999).

The original petition alleged three grounds for relief under the United States Constitution, but specifically stated "[t]he grounds for relief raised in this petition have not been presented to the highest State Court in California having jurisdiction," Doc # 1 at 7, ¶ 31 and "[t]he grounds for relief set forth in this petition have not been presented in any State or Federal court." Id at ¶ 32. Ms Sutton's amended petition does not allege or in any way suggest that she presented her Constitutional claims on behalf of Mrs Rose to the state courts.

Because Ms Sutton's amended pleading fails to allege exhaustion of state remedies, it must be, and hereby is, DISMISSED.

II

In its previous order, the court noted that there is little or no precedent for the use of the writ of habeas corpus to challenge the confinement of an individual who has been adjudicated incompetent. Ms Sutton's amended petition sets forth additional facts that plainly establish that the writ of habeas corpus is not available to address the circumstances of Ms Rose's confinement at the Victorian.

The United States Supreme Court's opinion in Lehman v Lycoming County Children's Services, 458 US 502, 512-16 (1982), held that the writ of habeas corpus was not available to challenge the placement of a child into the custody of foster and adoptive

1 parents. A footnote, however, left open the possibility that
2 federal habeas corpus relief might be available in situations in
3 which individuals, including children, are confined in state
4 institutions pursuant to court order: "We express no view as to
5 the availability of federal habeas when a child is actually
6 confined in a state institution rather than being at liberty in the
7 custody of a foster parent pursuant to a court order." 458 US 502,
8 511, n 12.

   The First Circuit, however, extended <u>Lehman</u> to the
context of placement of an elderly person into a nursing home by a
state-court appointed guardian, holding that such action was not
"imprisonment" redressable by federal habeas. <u>Hemon v Office of
Public Guardian</u>, 878 F2d 13, 15 (1st Cir 1989). That court cited
concerns about federalism and finality in the field of family law:

> [T]he same concerns about federalism and finality
> that counsel against federal habeas jurisdiction
> over child custody disputes also counsel against
> federal habeas jurisdiction over disputes regarding
> guardianship. The long-standing policy of the
> federal courts to avoid interference in state
> domestic relations disputes – for example, by
> abstaining from asserting federal subject matter
> jurisdiction over domestic relations matters * * *
> is not limited to the area of child custody, but
> extends to the entire field of domestic relations.

Id.

   The Ninth Circuit has not spoken on this issue. This
court, however, finds the reasoning of <u>Hemon</u> compelling in the
context of this case. The crux of Ms Sutton's complaint is the
establishment of a conservatorship over her mother and the
appointment of a public guardian for her – a guardian whose
decisions she strongly disagrees with. Ms Rose is housed not in a
state institution but in a private nursing home, albeit pursuant to

1  a decision of the public guardian, to whom the superior court
2  conferred the authority to make decisions regarding her care.
3  These are matters traditionally committed entirely to state law.
4  Because the court has determined that an exercise of federal
5  jurisdiction would not be appropriate given the underlying facts of
6  Ms Rose's case, a further opportunity to amend the petition would
7  be futile.

### III

Another issue that remains unresolved is that Ms Sutton must establish her qualifications to proceed as a "next friend" for purposes of bringing a petition for writ of habeas corpus on Ms Rose's behalf.  See 28 USC section 2242; <u>Whitmore v Arkansas</u>, 495 US 149, 165 (1990); <u>Coalition of Clergy, Lawyers, and Professors v Bush</u>, 310 F3d 1153, 1159-60 (9th Cir 2002).  There is insufficient evidence in the record to allow the court to determine this question.  Given the court's disposition of the amended petition, it is unnecessary to reach this issue.

### IV

Finally, Ms Sutton cites <u>Grant v Johnson</u>, 757 F Supp 1127 (D Or 1991), in which a federal district court found unconstitutional a state statute authorizing ex parte appointments of indefinite temporary guardians without notice without due process safeguards.  <u>Grant</u>, however, is a civil rights action brought under 42 USC § 1983, and therefore has little bearing on the issues presented in the instant case, a habeas corpus matter.
\\

1  **Pursuant to Rule 4 of the Rules Governing Section 2254**
2  **Cases in the United States District Courts, this matter is**
3  **DISMISSED, without leave to amend.**

5  **IT IS SO ORDERED.**

_____
**VAUGHN R WALKER**
**United States District Chief Judge**